DECISION
Plaintiff appealed the assessed value (AV) of certain commercial real property identified in the assessor's records as Account R103552 for tax years 2006-07 through 2008-09, inclusive. Defendant moved to dismiss the appeal on various grounds. The court addressed the motion with the parties at a hearing held August 13, 2009. Plaintiff appeared on his own behalf. Defendant was represented by Ron Rodwick, an appraiser with the Multnomah County Assessor's office. For the reasons set forth below, the court concludes that the motion should be granted and Plaintiff's appeal dismissed.
 I. STATEMENT OF FACTS
Plaintiff is appealing three tax years: 2006-07, 2007-08, and 2008-09. In his Complaint, Plaintiff states that he successfully appealed "tax year 2006 — and the county records never show the appeal change through 2006-2009." (Ptf's Compl at 1.) Plaintiff appealed the tax year 2008-09 values to the county board of property tax appeals (Board) and the Board sustained the real market value (RMV), maximum assessed value (MAV), and AV. Plaintiff timely appealed the Board's 2008-09 value order to this court.
Plaintiff also included a copy of a Board order for the 2007-08 tax year with his Complaint. The Board sustained the tax year 2007-08 values (RMV, MAV, and AV). There *Page 2 
is a handwritten note on that Board order (2007-08) indicating that "assessed value last year 676,330 + 3% [=] 696,620 max."
During the August 13, 2009, proceeding, Plaintiff explained that he was seeking annual three percent increases in AV beginning with tax year 2006-07. According to a Board order submitted to the court by Defendant with its Answer, the Board reduced the tax year 2006-07 RMV from $870,540 to $676,330, and reduced the AV from $769,190 to $676,330. The value history for the subject property is best understood by the table set forth below.

Tax year: 2005/06 2006/07 2007/08 2008/09
RMV: $676,330 $676,330[1] $883,760 $1,014,600
MAV: $886,170 $769,190[2] $769,190 $792,260 (103% of 2007/08 MAV)
AV: $676,330 $676,330 $769,190 $792,260

Plaintiff states in his table that "By Law Taxes should not go up more than 3% on the Assessed Value. It appears that a mistake was made from your Accounting department for years." (Ptf's Compl at 6.) According to Plaintiff's table of requested values, the AVs should be established beginning with the tax year 2004-05 AV of $598,530, with annual three percent increases thereafter. For the years under appeal, the AVs would be $634,980 (2006-07), $654,030 (2007-08), and $673,651 (2008-09).
Defendant moved to dismiss Plaintiff's appeal for the 2008-09 tax year because "plaintiff has requested a reduction in maximum assessed value that is contrary to ORS 308.146[,]" and, as such, Plaintiff is not "aggrieved." (Def's Answer at 1.) Defendant requests dismissal of the two prior tax years (2006-07 and 2007-08), asserting that Plaintiff does not meet the requirements of ORS 305.288. (Id.) *Page 3 
 II. ANALYSIS
Plaintiff is concerned because his AV has increased more than three percent each year, beginning with tax year 2005-06, when his AV went from $598,530 (in 2004-05) to $676,330, an increase of 13 percent. Although the earliest tax year Plaintiff is appealing is 2006-07, what he requests the court to do is begin with the 2004-05 AV, calculate annual increases of three percent, and order reductions in AV for the three years under appeal: 2006-07, 2007-08, and 2008-09. Defendant is correct in asserting that such request is contrary to law.
A. The Law
An overview of Oregon's unusual property tax system reveals the flaw in Plaintiff's position. There are three distinct values in Oregon's system of property assessment and taxation — RMV, MAV, and AV — although, typically, two of the three values are the same, as explained below.
RMV is the market value of a property, and is intended to represent the likely selling price of the property on a given assessment date. ORS308.205; ORS 308.212; ORS 308.007.[3] There are no constitutional or statutory limits on the amount by which a property's RMV can change from year to year. In a strong economy, when the real estate market is particularly active, RMV can increase 10 to 20 percent or more. In a sagging economy, a property's RMV can decrease from one year to the next. In other words, RMV rises and falls with the market. The three percent limitation Plaintiff is after applies to MAV.
MAV was established in 1997 under a voter approved referendum that amended the state's constitution. MAV in 1997 (1997-98 tax year) was 90 percent of the property's RMV on the assessment and tax rolls in 1995.See Or Const, Art XI, § 11(1)(a).[4] It was a simple and *Page 4 
straightforward mathematical calculation. For property added after 1995, a ratio is applied to the RMV to establish the property's MAV. Once MAV is established, it cannot increase by more than three percent each year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[5]
Finally, there is AV, which is the lesser of the property's MAV or RMV. ORS 308.146(2).[6] It is the definition of AV that typically results in two of the property's three values being the same.[7] In many cases, MAV is lower than the RMV. As a result, the property's AV is typically the same as the MAV, and increases three percent annually, along with the statutorily mandated three percent increase in MAV each year.
B. Plaintiff's Values
In this case, Plaintiff's RMV was less than the MAV in tax years 2004-05, 2005-06, and 2006-07. As a result, Plaintiff's AV each year tracked his RMV. The RMV dropped slightly between 2003-04 and 2004-05, from $617,040 to $598,530. The tax year 2004-05 AV experienced the same reduction, because MAV was higher than the $598,530 RMV. The following year (2005-06) Plaintiff's RMV increased from $598,530 to $676,330. Because the property's MAV in 2005-06 was $886,170, the AV was set at $676,330 (the lesser of the two other numbers). That amounted to a 13 percent increase in Plaintiff's AV that year. It was that AV increase that particularly troubled Plaintiff, although he did not appeal that year. *Page 5 
The assessor increased the RMV and AV the following year (2006-07) by nearly 14 percent, from $676,330 to $870,540, but Plaintiff successfully appealed, and the Board reduced the RMV to $676,330, which was the RMV of the property the prior year. The assessor apparently made an error in the 2006-07 MAV, setting it at $769,190, when it should have been set at 100 percent of the prior year's MAV of $886,170. ORS 308.146(1). Nonetheless, because the RMV of $676,330 was lower than the $769,190 MAV, the AV was set at $676,330. As a result, Plaintiff experienced no increase in AV that year. The following year (2007-08), the assessor increased Plaintiff's RMV more than $200,000, from $676,330 to $883,760. That number was greater than the statutorily mandated MAV of $769,190, so Plaintiff's AV, which by law is the lesser of RMV or MAV, was set at the property's lesser MAV of $769,190. The percentage increase in AV from tax year 2006-07 to 2007-08 was nearly 14 percent (increasing from $676,330 to $769,190), but, as stated above, the three percent value increase limit applies to MAV, not AV. Finally, for the 2008-09 tax year, Plaintiff's AV was increased three percent, from $769,190 to $792,260.
C. Defendant's Motion
1. Tax Year 2008-09
Turning to Defendant's motion, Plaintiff's appeal for the 2008-09 tax year was timely filed, and is properly before the court. But, as Defendant asserts in its Answer, the relief Plaintiff seeks is contrary to law. Under Plaintiff's methodology, his AV would be indexed three percent annually from the 2004-05 tax year, resulting in a 2008-09 AV of $673,651 (even though the 2004-05 tax year is not under appeal).
The proper method for determining Plaintiff's AV was for the assessor to determine the RMV under ORS 308.205, which the assessor found to be $1,014,600, then determine the MAV under ORS 308.146(1) as the greater of 103 percent of the prior year's AV or 100 percent of the *Page 6 
prior year's MAV. Both MAV and AV for the prior year (tax year 2007-08) were $769,190. One hundred three (103) percent of the prior year's $769,190 AV generated a tax year 2008-09 MAV of $792,260. Because that number is less than Plaintiff's $1,014,600 RMV, Plaintiff's tax year 2008-09 AV was set at $792,260. Plaintiff has only challenged the AV, and Defendant established Plaintiff's AV in accordance with the law, specifically ORS 308.146(1). Accordingly, Defendant is entitled to dismissal of the 2008-09 tax year.
2. Tax Years 2006-07 and 2007-08
Oregon has a structured appeals system for taxpayers to follow when challenging the value assigned to their property. The first step in the appeal process is to file a petition with the county board. Taxpayers are required to file appeals with the Board by December 31 of the current tax year. ORS 309.100(2). An appeal to the Tax Court is from an order of the Board. ORS 309.110(7) (providing for an appeal from a board order to the magistrate division of the Oregon Tax Court); ORS 305.275(3) (providing that an appeal to the magistrate division under ORS 305.275 "is from an order of the board as a result of the appeal filed under ORS 309.100 * * * ."). The appeal is to be filed within 30 days of the date the Board issues its order. ORS 305.280(4).
There is limited statutory authority for the court to order a reduction in the value of a separate assessment of property where the taxpayer does not properly pursue the statutory right of appeal set forth above, provided one of two requirements in ORS 305.288 is satisfied. The court's authority under ORS 305.288 encompasses the current tax year and either or both of the two prior tax years. ORS 305.288(1), (3). Because Plaintiff has not alleged an error in RMV, only one of the requirements — good and sufficient cause — applies. *Page 7 
Under ORS 305.288(3), the Tax Court can order a reduction in value where the taxpayer has "good and sufficient cause" for not petitioning the board before coming to the Tax Court. Good and sufficient cause is defined in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). The court, in this case, could hear the two prior tax years (2006-07 and 2007-08) under ORS 305.288(3), if Plaintiff satisfied the good and sufficient cause provision. However, when asked by the court why he did not timely appeal those years, Plaintiff stated that he simply missed what he perceived as the problem with AV until the company comptroller brought the matter to his attention in 2008. ORS 05.288(5)(b)(B) provides that good and sufficient cause "[d]oes not include inadvertence, oversight, [or] lack of knowledge." Plaintiff's explanation is either inadvertence or lack of knowledge and, as such, does not constitute good and sufficient cause under the statutory definition found in ORS305.288(5)(b)(B). Accordingly, Defendant's request to dismiss the 2006-07 and 2007-08 tax years must be granted.
 III. CONCLUSION
The court concludes that Defendant is entitled to dismissal of Plaintiff's Complaint because the appeal seeks relief that is contrary to law and, for two of the three tax years under appeal, the court lacks jurisdiction under ORS 305.288. Now, therefore, *Page 8 
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted and Plaintiff's Complaint for tax years 2006-07, 2007-08, and 2008-09 is dismissed.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on December 31,2009. The Court filed and entered this document on December 31, 2009.
[1] The Board reduced the RMV from $870,540 to $676,330 by order mailed February 27, 2007, attached to Defendant's Answer.
[2] Defendant stated during the August 13 proceeding that this number was entered by mistake, and that the MAV should have been $886,170 (the prior year's MAV).
[3] All references to the Oregon Revised Statutes (ORS) are to 2007.
[4] Or Const, Art XI, § 11(1)(a) provides that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent."
[5] Under ORS 308.146(1), [t]he maximum assessed value of property shall equal 103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year, whichever is greater."
[6] ORS 308.146(2) provides:
 "Except as provided in subsections (3) and (4) of this section, the assessed value of property to which this section applies shall equal the lesser of:
 "(a) The property's maximum assessed value; or
 "(b) The property's real market value."
[7] Exceptions include properties receiving exemptions or special assessments. *Page 1